```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA

                     CASE NO. 09-60544-CIV-ZLOCH
```

WOLF SCHOENBORN,

        Plaintiff,                    **O R D E R**

vs.

MAN DIESEL NORTH AMERICA,
INC.,

        Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Man Diesel North America, Inc.'s Motion For Judgment On The Pleadings (DE 10) and alternative Motion For Summary Judgment (DE 11). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    Plaintiff filed this action seeking damages after the termination of his employment by Defendant. The Complaint (DE 1, Ex. A) raises two Counts: one for promissory estoppel and one under the Florida Whistleblower Act, Fla. St. § 448.102 (2009). Plaintiff attached to the Complaint documents entitled "Employment Contract" that have the appearance of being a memorial of a contract for employment between Plaintiff and Defendant. Defendant filed the instant Motion (DE 10) seeking judgment as a matter of law as to Count I, for promissory estoppel, on the ground that Plaintiff cannot claim promissory estoppel if an express contract governs the relationship.

This action is before the Court pursuant to its diversity jurisdiction and Florida law controls. Under Florida law, "where a complaint shows on its face that there exists an adequate remedy at law, there is no jurisdiction in equity." McNorton v. Pan Am. Bank of Orlando, N.A., 387 So. 2d 393, 399 (Fla. Dist. Ct. App. 1980). However, this principle does not apply to promissory estoppel. "It is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature." Mobil Oil Corp. v. Dade County Esoil Management Co., Inc., 982 F. Supp. 873, 880 (S.D. Fla. 1997). "The rationale underlying this prohibition is that [p]romissory estoppel is not a legal doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract." Univ. of Miami v. Intuitive Surgical, Inc., 353 F. Supp. 2d 1230, 1236 (S.D. Fla. 2005) (quotation omitted) (citing Advanced Mktg. Sys. Corp. v. ZK Yacht Sales, 830 So. 2d 924, 928 (Fla. Dist. Ct. App. 2002)) (emphasis added).

Thus, it must be conclusively proven that a contract governs the Parties' relationship before Defendant may bring the instant Motion. In this very Motion, however, Defendant states its position in this case: "Defendant contends and will proffer defenses as to why the attached contracts are invalid." DE 10, p.

2. Thus, it is Defendant's position that no express contract governs.[1]

The instant Motion is premature. There has been no showing that a contract governed this dispute and no such finding has been made by the Court. Thus, Defendant is not entitled to judgment as a matter of law on Plaintiff's promissory estoppel claim. Mobil Oil Corp., 982 F. Supp. at 880.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Man Diesel North America, Inc.'s Motion For Judgment On The Pleadings (DE 10) and alternative Motion For Summary Judgment (DE 11) be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___25th___ day of June, 2009.

                                                                          /s/ William J. Zloch
                                                                          WILLIAM J. ZLOCH
                                                                          United States District Judge

Copies Furnished:

All Counsel of Record

---

[1] Moreover, Defendant points to Plaintiff's Response, albeit unsigned, to one of Defendant's Interrogatories that states: "I . . . make no claim in this lawsuit about the validity of the purported contract." DE 15, p. 2 (citing DE 15, Ex. A, p. 9). It thus appears that both Parties are of the same mind regarding their relationship: no contract covered it.